IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERRY LEE TAYLOR                                                                    PLAINTIFF

V.                                                                        CAUSE NO. 1:05CV250

COOPER TIRE & RUBBER COMPANY                                                       DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court on the motion [22] of Cooper Tire and Rubber Company (Cooper) for summary judgment. The plaintiff has responded in opposition. The court has reviewed the submissions and is prepared to rule.

Plaintiff Taylor has filed suit under Title VII of the Civil Rights Act of 1964 alleging race discrimination and retaliation. Mr. Taylor had been employed with Cooper for almost seventeen years before he was terminated on April 6, 2005. This action was instituted by Mr. Taylor on October 11, 2005. He contends that he was refused job promotions and pay bonuses because of his race and because he opposed discrimination against another African American employee. He also contends that he was terminated because of his race.

Mr. Taylor's complaint alleges that he testified on behalf of a fellow African American employee who was being discharged in September 2002. Taylor states that the employee was being discharged because he supported the union, and after his testimony in that matter he was continuously and systematically discriminated against. Specifically, the plaintiff has alleged that in January of 2004 he was demoted from his position as a level three worker for an occurrence that he maintains was the fault of a white employee who was not disciplined. Cooper states that in January of 2004, Taylor was disqualified from his job as mixing operator for ongoing and

1

systemic quality problems, and that he received five oral warnings, three written warnings, and a lifetime final warning.  As a result, Taylor was transferred to the position of green tire handler in the curing department, which meant that Taylor experienced a decrease in his salary.

Taylor's complaint also alleges that he was denied a bonus and that all workers in the green tire handling department received bonuses except him.  Cooper asserts that employees must take and pass a proficiency test in order to become eligible for a bonus.  According to Cooper, Taylor declined to take the test, opting to bid on another job instead.  His complaint alleges that he attempted to be promoted into another department approximately six times and at no time was he promoted.

He also claims his that his termination from Cooper was in retaliation for his pending charge of discrimination against the company because the white coworker involved in the incident for which he was terminated was not terminated as well.  Cooper alleges that Taylor was terminated because he threw a tire at a coworker, hitting that person in the head with the tire.  He was afforded an opportunity to have a peer review panel hearing to investigate his termination and challenge the decision.  The panel upheld the decision.  Cooper also notes that six other people have been terminated for similar conduct in the past eight years, including a white female, a black male, and four white males.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue of material fact is genuine if a reasonable jury could return a verdict for the

nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Employment discrimination under Title VII can be established through either direct or circumstantial evidence. *Mayberry v. Mundy Contract Maintenance* Inc., 197 Fed Appx. 314, 316 (5th Cir. 2006) (*quoting Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir.2001)). There is no direct evidence of discrimination in this instance; therefore, the court undertakes analysis under the standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id*. To prevail, a plaintiff must establish a prima facie case from which discrimination may be inferred. *Id.* (*quoting Laxton v. GAP, Inc.*, 333 F.3d 572, 578 (5th Cir.2003)). The burden then shifts to the defendant to articulate a non-discriminatory reason for the employee's termination. *Id.* If the defendant sustains its burden, the plaintiff must then establish either that (1) the employer's reason is a pretext or (2) the employer's reason, while legitimate, is only one motive for the action, some other motive being discrimination based on a protected characteristic. *Id.* (*quoting Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004)). If mixed-motive is shown, the employer must then show that it would have taken the same action regardless of the discriminatory motive. *Id.*

Defendant Cooper's argument appears not to attack Taylor's establishment of a prima facie case of discrimination as outlined in his complaint; rather, Cooper focuses its argument on whether or not the reasons given for Taylor's transfer, termination, and other conditions of his

employment are pretextual.  Cooper maintains that it had a legitimate, non-discriminatory reason for all actions alleged in the plaintiff's complaint.  In particular, Cooper restates that Taylor was transferred to the position of green tire handler in the curing department from the mixing department after receiving five oral warnings, three written warnings, and one lifetime warning rather than being terminated as a result of the warnings.  Cooper also restates that Taylor never received a bonus while working as a green tire handler because he chose not to take the required proficiency test. While in the curing department, Taylor bid on a tire assembly position as a second stage tire builder, but was moved back to his previous position due to his level of proficiency.  Cooper also maintains that the sole reason for Taylor's termination was because he committed an act of violence against a coworker.

Taylor's response to Cooper's motion for summary judgment does not address the issues raised nor does it offer any evidence to establish pretext or discriminatory motive.  No evidence has been presented to demonstrate that Mr. Taylor should have had the opportunity to receive a bonus because he did, in fact, take a proficiency test, nor has there been an argument that he was not permitted to take the proficiency test.  Mr. Taylor has also failed to provide any argument regarding his denial of promotion.  Further, his complaint tacitly acknowledges his involvement in the April incident that led to his termination and he provides no evidence to dispute Cooper's version of events.  As such, Cooper's motion for summary judgment is GRANTED.

This the 18th day of May, 2007.

                                           /s/ Michael P. Mills
                                           **UNITED STATES DISTRICT JUDGE**